USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/7/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
LUCIA SOUZA,

                Plaintiff,

        -against-

AMERICAN AIRLINES, INC.,

                Defendant.
------------------------------------------------------X

**REPORT and RECOMMENDATION**

10 Civ. 5938 (DAB)(KNF)

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE DEBORAH A. BATTS, UNITED STATES DISTRICT JUDGE

## INTRODUCTION

On June 11, 2010, the plaintiff, Lucia Souza ("Souza"), proceeding pro se, commenced this action against the defendant, American Airlines, Inc. ("American"), in the New York City Civil Court, New York County, seeking damages for lost baggage and negligent infliction of emotional distress ("NIED").[1] On August 6, 2010, American removed the action to this court.

Before the Court is American's motion for summary judgment. American seeks a determination that its liability in this action may not, as a matter of law, exceed the limits set forth in the Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, T.I.A.S. 13038, 2242 U.N.T.S. 350 (entered into force Nov. 4, 2003) (the "Montreal Convention"), currently set at 1,131 Special Drawing Rights ("SDRs").

---

[1] Souza's complaint lists her causes of action as "[d]amage caused to person" and "[l]oss of luggage." Interpreting her complaint liberally, the Court construes the former cause of action as one for NIED.

## BACKGROUND

The record evidence shows the following:

Souza purchased a round-trip ticket from American for travel between New York, New York, and Rio de Janeiro, Brazil. Before departing on May 7, 2010, Souza checked two pieces of baggage, one of which triggered a $100 fee because it weighed more than seventy pounds. Souza neither declared excess value nor purchased any insurance for the overweight baggage.

Souza received a receipt for the overweight bag. The back of the receipt provided an "International (Warsaw Convention) Notice" advising travelers that for trips that involve "an ultimate destination or stop in a country other than the country of departure, the Warsaw Convention may be applicable and the Convention governs and in most cases limits the liability of carriers for death or personal injury and for loss of or damage to baggage."

Upon arrival in Rio de Janeiro, Souza received only the bag that did not trigger the overweight fee. She spoke to an American supervisor, initiated a claim for the lost baggage, provided American her address in Rio de Janeiro and left the airport, after American personnel told her they would deliver the missing bag to her address in Brazil. The bag never materialized.

Souza returned to New York on June 8, 2010, and initiated this action three days later.

## DISCUSSION

**I. Summary Judgment Standard**

Summary judgment is appropriate where the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law[.]" Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986). A

"dispute about a material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the non[-]moving party." Id. A motion for summary judgment requests that a district court perform "the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250, 106 S. Ct. at 2511.

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of" the record, including, inter alia, depositions, documents, and affidavits or declarations, that "it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986); see also Fed. R. Civ. P. 56(c)(1). Once the moving party has met its burden, the non-moving party must "go beyond the pleadings" and provide its own evidence or cite to portions of the existing record that show there is a genuine triable issue. See Celotex, 477 U.S. at 324, 106 S. Ct. at 2553. To defeat a motion for summary judgment, the non-moving party must come forward with more than "a scintilla of evidence[.]" Anderson, 477 U.S. at 252, 106 S. Ct. at 2512.

In evaluating a motion for summary judgment, a district court's "function is not [] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249, 106 S. Ct. at 2511. Hence, a district court should not make credibility determinations in ruling on a motion for summary judgment. See id. at 255, 106 S. Ct. at 2513. "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Id.

3

## II. Analysis

### A. The Montreal Convention: Applicability and Preemption

The Montreal Convention "applies to all international carriage of persons, baggage or cargo" where the place of departure and the place of destination are within the territories of two countries that are parties to the treaty. Montreal Convention, art. 1. The Montreal Convention "unifies and replaces the system of liability that derives from" the Convention for the Unification of Certain Rules Relating to International Carriage by Air, Oct. 12, 1929, 49 Stat. 3000, 137 L.N.T.S. 11 (the "Warsaw Convention"). See Ehrlich v. Am. Airlines, 360 F.3d 366, 371 n.4 (2d Cir. 2004); see also Montreal Convention, art. 55 (stating that its terms "shall prevail over" the Warsaw Convention and its related instruments and amendments, including Montreal Protocol Nos. 1 through 4).

The Supreme Court has held that the Warsaw Convention preempts any state-law cause of action brought against an air carrier. See El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng, 525 U.S. 155, 175, 119 S. Ct. 662, 674 (1999) ("The treaty precludes passengers from bringing actions under local law when they cannot establish air carrier liability under the treaty."). The Court in El Al found that Article 24 of the Warsaw Convention, as revised by Montreal Protocol No. 4, "merely clarifie[d], [and did] not alter, the Convention's rule of exclusivity." Id.

After El Al, the language of Article 24, revised by the Montreal Protocol No. 4, was adopted, in substantial part, as Article 29 of the Montreal Convention.[2] Given the similarity of the language in the articles, courts in this circuit have determined that the Montreal Convention has the

---

[2] Article 29 of the Montreal Convention reads, in relevant part: "In the carriage of passengers, baggage and cargo, any action for damages, however founded, whether under this Convention or in contract or in tort or otherwise, can only be brought subject to the conditions and such limits of liability as are set out in this Convention . . . ."

4

same preemptive effect as the Warsaw Convention. See Ginsberg v. Am. Airlines, No. 09 Civ. 3226, 2010 WL 3958843, at *3 (S.D.N.Y. Sept. 27, 2010) ("The Montreal Convention [ ] provides the exclusive remedies for claims within its scope."); Booker v. BWIA West Indies Airways Ltd., No. 06-CV-2146, 2007 WL 1351927, at *2 (E.D.N.Y. May 8, 2007) ("Because plaintiff's claims are within the scope of the Montreal Convention her claims are exclusively governed by the Montreal Convention . . . ."), aff'd, 307 F. App'x 491 (2d Cir. 2009); Paradis v. Ghana Airways Ltd., 348 F. Supp. 2d 106, 111 (S.D.N.Y. 2004) (finding that the Warsaw Convention and Montreal Convention "have substantially the same preemptive effect"), aff'd, 194 F. App'x 5 (2d Cir. 2006). Thus, where the Montreal Convention applies, its terms provide the "exclusive mechanism for remedying injuries suffered" by a plaintiff. See King v. Am. Airlines, Inc., 284 F.3d 352, 356-57 (2d Cir. 2002).

The United States, Souza's country of departure, and Brazil, her country of destination, are parties to the Montreal Convention.[3] Accordingly, Souza's claims are within the scope of the Montreal Convention, which provides her exclusive remedy against American and preempts any state-law cause of action she may be asserting, including NIED.[4]

## B. The Montreal Convention: Limits of Liability

---

[3] The United States became a signatory of the Montreal Convention on May 28, 1999, and Brazil became a signatory on August 3, 1999. The convention entered into force in the United States on November 4, 2003, and in Brazil on July 18, 2006. Int'l Civil Aviation Org. ("ICAO"), Status of Individual States with Regard to International Air Law Multilateral Treaties, (last visited July 7, 2011), http://www2.icao.int/en/leb/Status%20of%20individual%20States/Forms/AllItems.aspx.

[4] If the Court were to construe Souza's claim of "[d]amage caused to person" as a request for damages for emotional distress, rather than a separate cause of action, her claim would fail. Under the Montreal Convention, a plaintiff may not recover for emotional injury unaccompanied by physical injury, see E. Airlines, Inc., v. Floyd, 499 U.S. 530, 534, 111 S. Ct. 1489, 1493 (analyzing language in the Warsaw Convention, nearly identical to that in the Montreal Convention, and concluding there is no "recovery for purely mental injuries"), and Souza has not alleged or demonstrated a physical injury.

5


Under the Montreal Convention, a "carrier is liable for damage sustained in case of destruction or loss of . . . checked baggage upon condition only that the event which caused the destruction, loss or damage took place . . . during any period within which the checked baggage was in the charge of the carrier." Montreal Convention, art. 17. However, the Montreal Convention limits carrier liability for lost baggage to 1,000 SDRs per passenger unless "the passenger [] made, at the time when the checked baggage was handed over to the carrier, a special declaration of interest in delivery at destination." Montreal Convention, art. 22.

At her deposition, Souza testified that, upon check-in, she neither declared excess value nor purchased insurance for her overweight baggage. Hence, American's liability to the plaintiff for lost baggage is limited by Article 22 of the Montreal Convention. Pursuant to Article 24 of the Montreal Convention, every five years an "inflation factor" is applied to revise the various limits of liability established under the convention. The current limits, effective as of December 30, 2009, increased the limit of liability for lost baggage from 1,000 to 1,131 SDRs.[5] See ICAO, Outcome of Notification of States Parties Under Article 24 of the Montreal Convention of 1999, Working Paper No. C-WP/13478 (Oct. 7, 2009).

### RECOMMENDATION

For the reasons set forth above, I recommend that your Honor grant American's motion for summary judgment (Docket Entry No. 10) and limit its liability to the plaintiff, as a matter of law, to 1,131 SDRs.

---

[5] As of the date of this report, 1,131 SDRs converts to approximately $1,800. Pursuant to Article 23 of the Montreal Convention, the conversion from SDRs to United States dollars shall "be made according to the value of such currencies in terms of the Special Drawing Right at the date of the judgement [sic]."

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Deborah A. Batts, 500 Pearl Street, Room 2510, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Batts. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S. 140, 145, 106 S. Ct. 466, 470 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 58-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983).

Dated: New York, New York
       July 7, 2011

Respectfully submitted,

/Kevin Nathaniel Fox/
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Copy mailed to:
Lucia Souza
L. Diana Mulderig, Esq.